IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| HERITAGE VILLAGE POINTE CONDO- ) | Case No. 11-26002 |
| MINIUM ASSOCIATION, ) | |
| ) | The Hon. John H. Squires |
| Debtor. ) | |

**OBJECTION OF THE HERITAGE VILLAGE POINTE CONDOMINIUM ASSOCIATION BY AND THROUGH ITS DULY ELECTED BOARD OF MANAGERS, TO DEBTOR'S APPLICATION TO RETAIN ALEX MOGLIA AS CHIEF RESTRUCTURING OFFICER AND MOGLIA ADVISORS AS FINANCIAL CONSULTANTS AND TO SHORTEN NOTICE THEREOF**

The Heritage Village Pointe Condominium Association, by and through its duly elected Board of Managers and its attorneys, Diane J. Silverberg and Nicholas R. Mitchell, hereby objects to the Debtor's Motion to Retain Alex Moglia as Chief Restructuring Officer and Moglia Advisors as Financial Consultants (the "Motion") and, in support thereof, respectfully submits as follows.

**INTRODUCTION**

1. On June 22, 2011, individuals purporting to act as the Board of Managers of the Heritage Village Pointe Condominium Association ("Heritage Village") caused it to file a voluntary petition for relief under Chapter 11 of Title 11, United States Code (11 U.S.C. §§ 101, *et seq.*), in the United States Bankruptcy Court for the Northern District of Illinois. As demonstrated below, these individuals lacked any authority to take action on Heritage Village's behalf, whether with respect to the "voluntary" filing of the bankruptcy petition, the retention of Alex Moglia or otherwise.

2. By way of background, Heritage Village is an Illinois condominium association governed by the Illinois Condominium Property Act, 765 ILCS 605/1, *et seq.* (the "Condo Act")

and the Illinois General Not-For-Profit Corporation Act, 805 ILCS 105/101.01, *et seq.* (the "NFP Act").

3. Heritage Village is the "master association" to the Forest Ridge Condominium Sub-Association ("Forest Ridge"), a "sub-association".

4. Heritage Village is granted its authority to administer property within its auspices pursuant to a Declaration of Condominium Pursuant to the Condominium Property Act for Heritage Village Pointe Condominium (the "Declaration") recorded with the Recorder of Deeds of Cook County, Illinois on March 2, 2001 as document number 0010170769, as amended from time to time. A true and correct copy of the Declaration (less exhibits thereto) is attached hereto as Exhibit 1.

5. All powers, duties and functions of the Association are vested in its Board of Managers (Declaration, § 4.2 and 4.4), and shall be comprised of five members of the Association. (*Id.*, § 4.5).

6. As of March 2011, the Board of Managers of Heritage Village was comprised of Toni Dautel ("Dautel"), Han Woo ("Woo"), Ronald Cabaya ("Cabaya"), John Kopecky ("Kopecky") and Jin Pak ("Pak"). (*See* Declaration of Toni Dautel (the "Dautel Declaration"), ¶ 3, a true and correct copy of which is attached hereto as Exhibit 2).

7. Upon information and belief, Gupta, Pak, Kopecky, James Saldhana and Veronica Leonova (collectively, the "Rogue Board") are members of Heritage Village.

8. Upon information and belief, in or around February 28, 2011, Pak circulated to some number of Association members, but not all of them, a document entitled "Notice of Meeting Heritage Village Pointe Condominium Association" (the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit 3. Dautel Declaration, ¶ 8.

- 3 -

9. The Flyer references a meeting of the unit owners for the purpose of "clarifying the Board of Directors election results of August 11, 2010" and "to recall Mr. Han Woo and Mr. Ron Cabaya" and Dautel. *Id.*

10. Upon information and belief, on March 6, 2011, some number of members of Heritage Village purportedly met and voted to "elect" the Rogue Board to replace the properly elected Heritage Village Board. Dautel Declaration, ¶ 5.

11. The Declaration and Condo Act govern the removal and election of board members at Heritage Village. The Rogue Board, however, failed to comply with their mandates.

12. More specifically, to remove a director, the Rogue Board was required to send written notice to all members of Heritage Village not less than 10, nor more than 30 days, before the date of the meeting, specifying the purpose of the meeting.

13. Assuming due notice was given, directors on the Heritage Village Board could be removed by an affirmative vote of two-thirds of the votes present and voted, either in person or by proxy. *Id.*, § 108.35(c)(1).

14. Here, the Notice was not sent to all members of Heritage Village since, at a very minimum, Dautel was not served with a copy of it, despite Pak's being well aware of her home address since he had been to Dautel's home prior to the earliest date that the Notice was apparently sent. Dautel, ¶¶ 6 and 7.

15. Since notice of the special meeting was not provided to all of the unit owners, any removal election conducted thereat was invalid; thus, the individuals comprising the Rogue Board were never properly elected, and the Rogue-Board-filed instant Motion is without legitimate authority to proceed. *Cf.* People *ex rel.* Carus v. Matthiessen, 269 Ill. 499 (1915).

16. Because the removal meeting was ineffective, the Board of Managers in office as of March 2011, namely, of Dautel, Woo, Cabaya, Kopecky and Pak, remains the current Board and is the only entity authorized to file a bankruptcy petition.

17. The Board of Managers comprised of these individuals never voted to authorize the filing of the voluntary petition for bankruptcy that commenced this proceeding which, therefore, constitutes an unauthorized filing. Dautel Declaration, ¶ 9.

18. WHEREFORE, the Heritage Village Condominium Association, by and through its duly elected Board of Managers, prays that this Honorable Court deny the Debtor's Application To Retain Alex Moglia As Chief Restructuring Officer And Moglia Advisors As Financial Consultants And To Shorten Notice Thereof, and award Heritage Village such other and further relief as the Court deems just and proper, including an award of the Association's attorneys' fees and costs in defending against this Motion, and the dismissal of this bankruptcy petition as having been filed as a voluntary petition without the authorization of the Association's Board of Managers.

Respectfully submitted,

HERITAGE VILLAGE POINTE
CONDOMINIUM ASSOCIATION, by and
through its duly elected Board of Managers


By: /s/ Diane J. Silverberg
      One of its attorneys

Diane J. Silverberg - 6194968
Nicholas R. Mitchell - 6280640
**KOVITZ SHIFRIN NESBIT**
750 W. Lake Cook Road, Suite 350
Buffalo Grove, IL 60089
(847) 537-0500