UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hearing Date: July 9, 2013 |
| | ) | Hearing Time:  9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, July 9, 2013 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, Bankruptcy Judge, in Courtroom No. 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of Nyhan Bambrick Kinzie & Lowry, P.C., as Special Counsel for Allowance of Compensation and Reimbursement of Expenses**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

AT WHICH TIME AND PLACE you may appear if you so see fit.

Respectfully submitted,
Nyhan Bambrick Kinzie & Lowry, P.C.

By:   */s/ John Guzzardo*

As counsel for the Trustee on behalf of Nyhan
Bambrick Kinzie & Lowry, P.C.

Robert M. Fishman
John Guzzardo
Shaw Fishman Glantz
 & Towbin, LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 541-0151
Fax: (312) 980-3888

{10213-001 APPL A0344583.DOCX 2}            1

CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, or by other manners set forth below, on June 12, 2013.

*/s/ John Guzzardo*

**Mailing Information for Case 11-26002**
**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case.

- Peter C Bastianen    ND-Four@il.cslegal.com
- Ira Bodenstein    iratrustee@shawfishman.com, IL29@ecfcbis.com;cowens@shawfishman.com
- Barry A Chatz    bachatz@arnstein.com, jbmedziak@arnstein.com
- Shelly A. DeRousse    sderousse@stahlcowen.com, cgarcia@stahlcowen.com
- Kenneth K Ditkowsky    kenditkowsky@yahoo.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;nb@wfactorlaw.com
- Sheryl A Fyock    sfyock@llflegal.com
- Heather M Giannino    heathergiannino@hsbattys.com, jenniferewins@hsbattys.com;danacloe@hsbattys.com;bk4hsbm@gmail.com
- Craig A Goode    cgoode@salawus.com
- Cameron M Gulden    USTPRegion11.es.ecf@usdoj.gov
- John W Guzzardo    jguzzardo@shawfishman.com, mcarter@shawfishman.com
- Ronald J. Kapustka    ndaily@ksnlaw.com, bankruptcy@ksnlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Sara E Lorber    slorber@wfactorlaw.com, nb@wfactorlaw.com
- Jose G Moreno    nd-one@il.cslegal.com
- Michelle G Novick    mgnovick@arnstein.com, lcsolomon@arnstein.com
- Marc S Reiser    mreiser@shawfishman.com, jhampton@shawfishman.com
- Eliot G Schencker    egs@mkimlaw.com
- Diane J Silverberg    dsilverberg@ksnlaw.com
- Wendy Kaleta Skrobin    wkslaw@ameritech.net
- Shaun D Sperling    ssperling@agdglaw.com, molson@agdglaw.com
- Rachael A Stokas    ND-Two@il.cslegal.com
- L. Judson Todhunter    JTodhunter@howardandhoward.com
- Marc S. Zaslavsky    mszaslavsky@arnstein.com

**Manual Notice List**

The following is the list of parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

    John P Jacoby
    20 North Clark Street
    Suite 1000
    Chicago, IL 60602

    Nicholas R Mitchell
    Kovitz Shifrin Nesbit
    750 W Lake Cook Road
    Suite 350
    Buffalo Grove, IL 60089

    Nationstar Mortgage
    Bankruptcy Department
    350 Highland Drive
    Lewisville, TX 75067

    Nyham, Bambrick, Kinzie & Lowry, P.C.
    20 N Clark Street
    Suite 1000
    Chicago, IL 60602

    Joseph Rivkin
    1596 Burning Bush Lane
    Hoffman Estates, IL 60192

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Hearing Date: July 9, 2013 |
| | ) | Hearing Time:  9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF NYHAN, BAMBRICK, KINZIE &LOWRY
AS SPECIAL COUNSEL FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

The law firm of Nyhan, Bambrick, Kinzie & Lowry ("NBKL") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a), 9006(c)(1) and 9007, and Local Bankruptcy Rule 5082-1 for: (a) the total allowance of $31,994.00 for the outstanding balance related to 172.4 hours of professional services rendered by NBKL as special counsel to Ira Bodenstein, not individually, but solely in his capacity as chapter 11 trustee ("Trustee") for the Heritage Village Pointe Condominium Association ("Heritage") and the Forest Ridge Condominium Sub-Association ("Forest Ridge" and, collectively with Heritage, the "Debtors") for the period beginning July 24, 2012 through and including January 28, 2013 (the "Application Period"); and (b) the reimbursement of $833.40 for actual costs incurred incident to those services.  In support of this application (the "Application"), NBKL states as follows:

## BACKGROUND

1. On June 22, 2011 ("Petition Date"), Heritage filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code thereby commencing the above-captioned case (the "Heritage Case"). Heritage is a not-for-profit corporation established for the purpose of managing 154 buildings that contain condominium units. The condominiums are located in unincorporated Des Plaines, Illinois (the "Property"). Also on the Petition Date, the related entity, Forest Ridge, filed for bankruptcy relief. (*See* Case No. 11-26003 (Bankr. N.D. Ill.) (the "Forest Ridge Case" and, collectively with the Heritage Case, the "Cases"). The properties that comprise Forest Ridge and Heritage overlap and, collectively, represent 924 condominium units.

2. On July 19, 2011, the Bankruptcy Court approved the appointment of the Trustee (the "Appointment Date"). The Cases are subject to joint administration.

3. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (M), and/or (O).

## GENERAL STATUS OF THE CASE

5. Since the Appointment Date, the Trustee has been in possession of the assets of the Debtors and has managed their businesses pursuant to the requirements of the Bankruptcy Code. A detailed description of the Trustee's efforts can be found in the Proposed Disclosure Statement file in this case on April 5, 2013. (Docket No. 370.) On May 23, 2013, this Court

approved the Trustee's Disclosure Statements for each of the Debtors and set the hearing for Plan confirmation for July 9, 2013. (*See* Docket No. 395.)

6. One of the most significant issues in these Cases was the form and structure of the future governance of Heritage and Forest Ridge. As of the Petition Date, governance of the Debtors was confused, haphazard and one of the primary reasons for the Petition. Within its initial governance documents, there was an allowance for two types of ownership; one that was nearly fee simple ownership of entire buildings (Heritage) and another that was akin to condominium unit ownership (Forest Ridge). A process was also set forth whereby specific buildings or groups of buildings could, by amendment, set up its own governing body. This provision led to competing boards of directors and management companies, a lack of transparency and a breakdown in governance as the interests of those in the condominium-type units clashed with those in the fee simple buildings. Additionally, there was uncertainty with regard to the governing documents, as over 18 amendments to the declaration had been identified - but not all could be found at the Recorder of Deed's office. As such, the Trustee hired NBKL to conduct a thorough review of the current governing documents, to draft a new set of governing documents in the form of an amended declaration that would supersede all prior versions with a new set of by laws, and then provide legal counsel through the presentation of the new governing documents to the owners within the Debtors through their adoption and recording.

7. More specifically during the Application Period, NBKL assisted the Trustee with: (a) conducting a thorough review and analysis all of the Debtors' declarations, amendments and existing governance documents for the master and related sub-associations in order to develop a viable exit strategy for Debtors from bankruptcy; (b) attended meetings with the Trustee and Property Manager (the "Manager") in order to identify issues related to Debtors' master and sub-

{10213-001 APPL A0344583.DOCX 2}   3

association structure and communicated plans for reorganization of the Debtors; (c) drafting the amendment and related by-laws to the Debtors' declarations in order to create a governance structure that provides owners with clarity and certainty with respect to the election of their governing board and the authority of those governing boards to act; and (d) preparing for and attending town hall meetings with the Debtors' owners for presentations of proposed governance documents and advise owners regarding related elections.

## RETENTION OF NBKL

8. NBKL's retention as special counsel for the Trustee in the Cases, effective as of July 13, 2012, was approved by an order of this Court dated July 12, 2012 (Docket No. 258). On September 22, 2011, the Court entered an order that governs the procedures for compensation and reimbursement of expenses of professionals retained in these Cases (the "Compensation Order").

9. NBKL's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as Exhibit A and are incorporated herein by reference.

## SERVICES RENDERED BY NBKL

10. In total, NBKL's attorneys rendered 172.4 hours of services for the Trustee in connection with these Cases during the Application Period. All services reflected on the Invoices pertain to these Cases and were rendered at the request of the Trustee in the exercise of his duties under 11 U.S.C. § 1106. The total amount due to NBKL for the services rendered to the Trustee during the Application Period is $31,994.00 (the "Service Amount Balance"). The expenses for which reimbursement is requested in the Invoices are those customarily charged by

NBKL to all of its clients. The expense reimbursement reflected on the attached Invoices sought by this Application is $833.40 (the "Expense Amount").

11. Pursuant to the terms of the Retention Application, associate attorneys at NBKL bill time in connection with these Cases at the rate of $160.00 per hour and partners at NBKL bill time in connection with these Cases at the rate of $250.00 per hour. All time is recorded in one–tenth of an hour increments. NBKL does not bill for telephone charges or duplications costs. In order to promote billing efficiency, associate time was used where appropriate.

12. Of the 172.4 hours NBKL billed in connection with the services to the Trustee, NBKL spent 41.0 hours of services assisting the Trustee in conducting a thorough review and analysis all of the Debtors' declarations, amendments and existing corporate governance documents for the master and related sub-associations in order to develop a viable exit strategy for the Debtors from bankruptcy. Of the services provided in connection with review and analysis of the Debtors' corporate governance documents, Mr. John P. Jacoby, a partner at NBKL, worked 9.3 hours for a value of $2,325 in services; and Ms. Shana J. Scheid, an associate of NBKL, worked 31.7 hours for a value of $5,072.00 in services.

13. NBKL spent 11.4 hours of service attending meetings with the Trustee and Manager in order to identify and discuss issues related to Debtors' master and sub-association structure and consider the plans for corporate reorganization of the Debtors. Of the services provided in connection with meeting attendance, Mr. Jacoby worked 5.7 hours for a value of $1,425.00 in services; and Ms. Scheid worked 5.7 hours for a value of $912.00 in services.

14. NBKL spent 96.7 hours of service researching, analyzing and drafting a superseding Amendment and related By-Laws to Heritage's original Declaration and the various amendments in order to create a governance structure that provides unit and building owners

with clarity and certainty with respect to the election of their governing board and the authority of those governing boards to act. Of the services provided in this connection, Mr. Jacoby worked 26.0 hours for a value of $6,500.00 in services; and Ms. Scheid worked 70.7 hours for a value of $11,312.00 in services.

15. NBKL spent 17.5 hours of service preparing for and attending town hall meetings with Heritage for presentations and guidance related to proposed governance documents and related elections. Of the services provided in connection with the town hall meeting preparation and attendance, Mr. Jacoby worked 8.0 hours for a value of $2,000.00 in services; and Ms. Scheid worked 9.5 hours for a value of $1,520.00 in services.

16. NBKL spent 5.8 hours assisting the Trustee with billing review of NBKL's services and preparation of the Application. Of the services provided, Ms. Scheid worked 5.8 hours for a value of $928.00 in services.

## SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

17. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| John P. Jacoby | Partner | $250.00 | 49 | $12,250.00 |
| Shana J. Scheid | Associate | $160.00 | 123.4 | $19,744.00 |

18. In evaluating this Application, the Court should consider the following: (a) the value of the services rendered by NBKL on behalf of the Trustee; (b) the nature and complexity of the issues presented; (c) the skill required to perform the legal services properly; (d) the customary fees charged by other professionals in these Cases and similar cases; (e) the experience and ability of the professionals involved; and (f) the amount of compensation

awarded in similar cases. When viewed either individually or collectively, these factors support an award of the requested compensation in full.

19. The hourly rates charged by NBKL with respect to its legal services compare favorably with the rates charged by other Chicago metropolitan firms having attorneys with similar experience and expertise as the NBKL professionals. Mr. Jacoby routinely bills condominium files such as this one at $300 an hour, but agreed to reduce his rate for this project at the request of the Trustee. Further, the amount of time spent by NBKL with respect these matters is reasonable given the difficulty of the issues presented, the unique nature of the properties and ownership, the time constraints imposed by circumstances, and the ultimate benefit to the Debtors.

20. NBKL has conscientiously attempted to avoid having multiple attorneys convene on behalf of the Trustee. In certain circumstances, however, it was necessary for more than one NBKL attorney to confer or appear at the same time. To the greatest extent possible, NBKL would have one attorney handle meetings, negotiations and other matters.

21. The issues presented in this matter have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, NBKL respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

22. The amount of expenses for which reimbursement is being sought is $833.40. All of the expenses for which reimbursement is requested are expenses which NBKL customarily recoups from all of its clients. An itemization of the expenses is contained within the Invoices as a part of Exhibit A.

23. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Filing/Recording Fees | $770.00 |
| --- | --- |
| Local and Long Distance Travel | $63.40 |

24. All expenses incurred by NBKL incidental to its services were customary and necessary expenses. All expenses were billed in the same manner as NBKL bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## PAYMENTS RECEIVED BY NBKL TO DATE

25. To date, NBKL has received and applied $5,000.00 in pre-paid funds for its services to the Trustee in connection with the Cases during the Application Period. This amount does not affect the Service Amount Balance and Expense Amount of $27,827.40, cumulative, currently owed. The $5,000 pre-payment was applied to the first invoice and left a balance that was carried forward.

## COMPLIANCE WITH 11 U.S.C. § 504

26.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between NBKL and any other firm, person or entity for the sharing of division of any compensation payable to NBKL.

## NOTICE

27.     Notice of this Application has been provided to the Trustee, the Debtors' Board of Directors, the Office of the United States Trustee, and other parties in interest that have requested notice of filings in this case. Based on the extent of notice already provided, the nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtors' creditors, NBKL respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, NBKL respectfully requests the entry of an order, substantially in the form attached hereto, that:

- a) Allows and approves, on a final basis, $31,994.00 in compensation to NBKL for services during the Application Period;

- b) Allows and approves, on a final basis, $833.40 in expense reimbursement to NBKL during the Application Period;

- c) Authorizes the Trustee, as estate funds become available, to pay NBKL for the allowed compensation and expense reimbursements in the amount of $27,827.40;

- d) Waives other and further notice of the hearing with respect to this Application; and

- e) Provides NBKL with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

NYHAN, BAMBRICK, KINZIE
  & LOWRY, P.C.

By:   */s/ John Guzzardo*

Robert M. Fishman
John Guzzardo
Shaw Fishman Glantz
    & Towbin, LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 541-0151
Fax: (312) 980-3888

*Counsel for the Trustee, on behalf of*
NYHAN, BAMBRICK, KINZIE
  & LOWRY, P.C.