UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HERITAGE VILLAGE POINTE ) | Case No. 11-26002 (Chapter 11) |
| CONDOMINIUM ASSOCIATION, ) | Case No. 11-26003 (Chapter 11) |
| Debtor. ) | Jointly Administrated |
| ) | |
| -AND- ) | |
| ) | Hon. Jacqueline P. Cox |
| ) | |
| FOREST RIDGE CONDOMINIUM ) | |
| SUBASSOCIATION, ) | |
| Debtor. ) | |

## NOTICE OF MOTION

To:    See attached Service List.

**PLEASE TAKE NOTICE** that on **August 27, 2013 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, Bankruptcy Judge, in Courtroom No. 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Second and Final Fee Application of Kovitz Shifrin Nesbit as Special Counsel for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated: August 6, 2013            Respectfully submitted,

By: /s/ Ronald J. Kapustka
*Special Counsel*

Ronald J. Kapustka, Esq.
KOVITZ SHIFRIN NESBIT
750 W. Lake Cook Road, Suite 350
Buffalo Grove, IL 60089
847.537.0500
Fax 847.537.0550
(rkapustka@ksnlaw.com)

1                                                  CHER021:00100\1848937.1

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, or by other manners set forth below, on this 6th day of August, 2013.

                                              By: /s/ Ronald J. Kapustka
                                              *Special Counsel*

                                              Ronald J. Kapustka, Esq.
                                              KOVITZ SHIFRIN NESBIT
                                              750 W. Lake Cook Road, Suite 350
                                              Buffalo Grove, IL 60089
                                              847.537.0500
                                              Fax 847.537.0550
                                              (rkapustka@ksnlaw.com)

## **SERVICE LIST**

**Mailing Information for Case 11-26002 and 11-26003**
**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Peter C. Bastianen - ND-Four@il.cslegal.com
- Ira Bodenstein - ibodenstein@shawfishman.com
- Barry A. Chatz - bachatz@arnstein.com
- Shelly A. DeRousse - sderousse@stahlcowen.com
- Tejal S. Desai - tdesai@llflegal.com
- Riccardo A. DiMonte - rdimonte@dimonteandlizak.com
- Toni Dillon - tdillon@atty-pierce.com
- Kenneth K. Ditokowsky - kenditkowsky@yahoo.com
- William J. Factor - wfactor@wfactorlaw.com
- Sheryl A. Fyock - sfyock@llflegal.com
- Heather M. Giannino - bankruptcy@hsbattys.com
- Craig A. Goode - cgoode@salawus.com
- Cameron M. Gulden - USTPRegion11.es.ecf@usdoj.gov
- John W. Guzzardo - jguzzardo@shawfishman.com
- William S. Hackney, III - whackney@salawus.com
- Sara E. Lorber – slorber@wfactorlaw.com
- Jose G. Moreno - nd-one@il.cslegal.com
- Michelle G. Novick - mgnovick@arnstein.com
- Marc S. Reiser - mreiser@shawfishman.com
- Eliot G. Schencker - egs@mkimlaw.com
- Wendy Kaleta Skrobin - wkslaw@ameritech.net
- Shaun D. Sperling - ssperling@agdglaw.com
- Rachael A. Stokas - ND-Two@il.cslegal.com
- L. Judson Todhunter - JTodhunter@howardandhoward.com
- Marc S. Zaslavsky - mszaslavsky@arnstein.com

**Mailing Information for Case 11-26002 and 11-26003**
**First Class U.S. Mail Notice List**

John P. Jacoby
20 North Clark Street, Suite 1000
Chicago, IL 60602

Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610

CHER021:00100\1848937.1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HERITAGE VILLAGE POINTE ) | Case No. 11-26002 (Chapter 11) |
| CONDOMINIUM ASSOCIATION, ) | Case No. 11-26003 (Chapter 11) |
|          Debtor. ) | Jointly Administered |
| ) | |
| -AND- ) | |
| ) | Hon. Jacqueline P. Cox |
| ) | |
| FOREST RIDGE CONDOMINIUM ) | **Hearing Date: August 27, 2013** |
| SUBASSOCIATION, ) | **Hearing Time: 9:30 a.m.** |
|          Debtor. ) | |

**SECOND AND FINAL FEE APPLICATION OF KOVITZ SHIFRIN NESBIT
AS SPECIAL COUNSEL FOR ALLOWANCE OF COMPENSATION
<u>AND REIMBURSEMENT OF EXPENSES</u>**

The law firm of Kovitz Shifrin Nesbit ("KSN") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a), 9006(c)(1) and 9007, and Local Bankruptcy Rule 5082-1 for: (a) the total allowance of $112,441.50, less a discount of $10,000.00 deduction for reasonable billing judgment[1], in compensation for approximately 512.65 hours of professional services rendered by KSN as special counsel to Ira Bodenstein, not individually, but solely in his capacity as Chapter 11 Trustee ("Trustee") for the Heritage Village Pointe Condominium Association ("Heritage") and the Forest Ridge Condominium Sub-Association ("Forest Ridge" and, collectively with Heritage, the "Debtors") for the period beginning July 20, 2012 through and including July 8, 2013 (the

---

[1] A $10,000.00 discount is being applied to those fees provided for general corporate services and general litigation matters. The discount is not being applied to those services related to forcible entry and detailing cases or breach of contract cases because the Forcible Entry and Detainer Act, 735 ILCS 5/9-111, the Illinois Condominium Property Act, 765 ILCS 605/9.2 and the Association's Declarations provide that those fees are to be charged to the unit owner to whom the fees are attributable <u>and</u> those fees have been reviewed by the Circuit Court and awarded to the Association as part of their judgment for non-payment of assessments.

"Application Period"); and (b) the reimbursement of $51,138.15 for actual costs incurred incident to those services. KSN's First Interim Fee Application was approved on a final basis and the amounts listed in Paragraph 22 herein have been received by KSN. The Trustee has reviewed the Application, has provided comments and agrees with KSN's request for interim compensation. In support of this application (the "Application"), KSN states as follows:

## BACKGROUND

1. On June 22, 2011 ("Petition Date"), Heritage filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned case (the "Heritage Case"). Heritage is a not-for-profit corporation established for the purpose of managing 154 buildings that contain condominium units. The condominiums are located in unincorporated Des Plaines, Illinois (the "Property"). Also on the Petition Date, the related entity, Forest Ridge, filed for bankruptcy relief. (*See* Case No. 11-26003 (Bankr. N.D. Ill.) (the "Forest Ridge Case" and, with the Heritage Case, the "Cases"). The properties that comprise Forest Ridge and Heritage overlap and, collectively, represent approximately 924 condominium units.

2. On July 19, 2011, the Bankruptcy Court approved the appointment of the Trustee (the "Appointment Date"). The Cases are subject to joint administration.

3. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M), and/or (O).

## GENERAL STATUS OF THE CASE

5. Since the Appointment Date, the Trustee has retained a third party professional manager (the "Manager") to oversee the business operations of the Debtors, including the collection of current and past due assessments, maintaining the premises, and performing all other management and accounting services required by the Trustee.

6. On July 9, 2013, this Court confirmed the Trustee's Plans of Reorganization for each of the Debtors. (*See* Docket Nos. 426 (Heritage Case) and 130 (Forest Ridge Case).)

7. During the Application Period, KSN assisted the Trustee with: (a) attending hearings and negotiating with municipal government authorities regarding building code violations; and (b) prosecuting forcible entry and detainer lawsuits and other lawsuits in connection with delinquent assessment payments.

## RETENTION OF KSN

8. KSN's retention as special counsel for the Trustee in the Cases, effective as of June 22, 2011, was approved by an order of this Court dated October 19, 2011 (Docket No. 166). On September 22, 2011, the Court entered an order that governs the procedures for interim compensation and reimbursement of expenses of professionals retained in these Cases (the "Compensation Order"). KSN's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as Group Exhibit A and incorporated herein by reference. (*See also infra,* fn 1.).

**SERVICES RENDERED BY KSN**

9.  In aggregate, KSN's attorneys rendered 512.65 hours of services for the Trustee in connection with these Cases during the Application Period. All of the services reflected on the attached Invoices pertain to these Cases and were rendered at the request of the Trustee in the exercise of his duties under 11 U.S.C. § 1106. At the hourly rate of $225.00, the aggregate amount due KSN for the services rendered to the Trustee during the Application Period is $112,441.50 (the "Aggregate Service Amount"). The expenses for which reimbursement is requested in this Monthly Statement are those customarily charged by KSN to all of its clients. The aggregate expense reimbursement reflected on the attached Invoices sought by this Application is $51,138.15 (the "Aggregate Expense Amount"). Of the Aggregate Service Amount, 102.80 hours ($24,746.10) and $13,142.66 of the Aggregate Expense Amount were for services for the Heritage debtor. The remaining Aggregate Service Amount of 409.85 hours ($87,695.40) and Aggregate Expense Amount of $37,995.49 were for services for Forest Ridge.

10. Pursuant to the terms of the Retention Application, all KSN attorneys bill time in connection with these Cases at the rate of $225.00 per hour or less.[2]

11. Of the 512.65 hours KSN has billed in connection with the services to the Trustee, KSN spent 33.85 hours of services in connection with general corporate services including, but not limited to, code violation hearings and negotiations with municipal governments to reduce and eliminate fines assessed against the Debtor (Invoices designated with a 00100 matter number), for a value of $6,317.50 in services, less a 10% deduction of those fees for reasonable billing judgment.

---

[2] The Invoices do not accurately reflect a $225.00 per hour billing rate by all KSN attorneys. KSN is only seeking payment for the Aggregate Service Amount, which was computed applying a $225.00 an hour billing rate to the number of hours billed by KSN attorneys. Put another way, the total professional fee amounts shown when one adds all fee amounts shown in the Invoices, the total is incorrect and is not due and owing to KSN. The total amount of professional service hours set forth in the Invoices, however, are correct.

12. Further, KSN spent 441.40 hours of services prosecuting collection matters including, but not limited to, forcible entry and detainer and breach of contract lawsuits, and property tax cases to collect delinquent assessments or take control of property for the purpose of collecting assessment payments (Invoices designated with a 61xxx matter number), for a value of $98,817.50.

13. Finally, KSN spent 37.40 hours of services prosecuting litigation matters including, but not limited to, building and zoning issues (Invoices designated with a 3xxxx matter number), for a value of $7,306.50, less a 10% deduction of those fees for reasonable billing judgments.

**SUMMARY OF SERVICES RENDERED BY PROFESSIONAL**

14. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Amount |
|---|---|---|---|
| Ronald J. Kapustka | Member | $210.00-$225.00 | $85,500.00 |
| Diane J. Silverberg | Member | $225.00 | $270.00 |
| Wendy P. Durbin | Associate | $225.00 | $500.00 |
| Bryant Gomez | Associate | $210.00-$225.00 | $15,232.50 |
| Katherine W. Griffith | Associate | $225.00 | $810.00 |
| Anne M. Sachs | Paralegal | $210.00 | $480.00 |
| Boris G. Samovalov | Associates | $210.00-$225.00 | $5,641.50 |
| Omeesha Srivastava | Associate | $210.00-$225.00 | $1,350.00 |
| Brandon R. Wilson | Associates | $210.00-$225.00 | $607.50 |
| Sheila Bell | Paralegal | $225.00 | $360.00 |
| Victoria M. Lacher | Paralegal | $210.00 | $1,690.00 |

15. In evaluating this Application, this Court should consider the following: (a) the value of the services rendered by KSN on behalf of the Trustee; (b) the nature and complexity of

the issues presented; (c) the skill required to perform the legal services properly; (d) the customary fees charged by other professionals in these Cases and in similar cases; (e) the experience and ability of the professionals involved; and (f) the amount of compensation awarded in similar cases. When viewed either individually or collectively, these factors support an award of the requested compensation in full.

16. The hourly rates charged by KSN with respect to its legal services compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the KSN professionals. Further, the amount of time spent by KSN with respect to the Cases is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the estates.

17. KSN has conscientiously attempted to avoid having multiple attorneys convene on behalf of the Trustee. In certain circumstances, however, it was necessary for more than one KSN attorney to confer or appear at the same time. When possible, KSN would have one attorney handle multiple matters. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

18. The issues presented in the Cases have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, KSN respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

**EXPENSES**

19. The aggregate amount of expenses for which reimbursement is being sought is $51,138.12. All of the expenses for which reimbursement is requested are expenses which KSN customarily recoups from all of its clients. An itemization of the expenses is contained within the Invoices as a part of Group Exhibit A.

20. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Internal Photocopy | $14.50 |
| E-Certified & First Class Mail | $570.65 |
| Certified & First Class Mail | $1,256.50 |
| Filing Fees (for collection matters) | $22,470.00 |
| Service Fees (for collection matters) | $24,186.50 |
| Tract Book Searches (for collection matters) | $2,640.00 |

21. All expenses incurred by KSN incidental to its services were customary and necessary expenses. All expenses were billed in the same manner as KSN bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

**PAYMENTS RECEIVED BY KSN TO DATE**

22. To date, KSN has received and applied the following amounts, which were received pursuant to its First Interim Fee Application:

  (i)  KSN was allowed $29,931.00 in interim compensation for the application period, June 22, 2011 through July 20, 2012 ($3,531.00 to Heritage and $26,400.00 to Forest Ridge); and

  (ii) KSN was allowed $2,046.68 in expense reimbursement for the application period, June 22, 2011 through July 20, 2012 ($101.70 to Heritage and $1,944.98 to Forest Ridge).

23. To date, KSN has received no compensation for its services to the Trustee in connection with the Cases during the Application Period.

## COMPLIANCE WITH 11 U.S.C. § 504

24. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between KSN and any other firm, person or entity for the sharing of division of any compensation payable to KSN.

## NOTICE

25. Notice of this Application has been provided to the Trustee, the Debtors' Board of Directors, the Office of the United States Trustee, and other parties in interest that have requested notice of filings in this case. Based on the extent of notice already provided, the nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtors' creditors, KSN respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, KSN requests the entry of an order, substantially in the form attached hereto, that:

a)  Allows and approves, on a final basis, $102,441.50[3] in compensation to KSN for services during the Application Period;

b)  Approve, on a final basis, the interim compensation and expense reimbursement already paid;

c)  Allows and approves, on a final basis, $51,138.15 in expense reimbursement to KSN during the Application Period;

d)  Authorizes the Trustee, as estate funds become available, to pay KSN the allowed compensation and expense reimbursements;

e)  Waives other and further notice of the hearing with respect to this Application; and

---

[3] The original amount of fees requested was $112,441.50, less a $10,000.00 deduction for reasonable billing judgment, brings the amount requested to $102,441.50.

f)   Provides KSN with such additional relief as may be appropriate and just under the circumstances.

Dated: August 6, 2013        Respectfully submitted,

By: /s/ Ronald J. Kapustka
*Special Counsel*

Ronald J. Kapustka, Esq.
KOVITZ SHIFRIN NESBIT
750 W. Lake Cook Road, Suite 350
Buffalo Grove, IL 60089
847.537.0500
Fax 847.537.0550
rkapustka@ksnlaw.com

CHER021:00100\1796613.1