# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26003 |
| FOREST RIDGE CONDOMINIUM SUB- | ) | Hon. Jacqueline P. Cox |
| ASSOCIATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Hearing Date: October 16, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:    (See Attached Service List)

**PLEASE TAKE NOTICE** that on **Wednesday, October 16, 2013 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, Bankruptcy Judge, in Courtroom No. 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF STATUTORY COMPENSATION TO CHAPTER 11 TRUSTEE IRA BODENSTEIN**, at which time and place you may appear if you so desire.

| | |
|---|---|
| Dated: September 11, 2013 | Respectfully submitted, |
| | |
| Robert M. Fishman | Ira Bodenstein, not individually but |
| John Guzzardo | solely as the duly appointed Chapter 11 |
| Shaw Fishman Glantz & Towbin LLC | trustee of Heritage Village Pointe |
| 321 North Clark Street, # 800 | Condominium Association and Forest |
| Chicago, IL  60654 | Ridge Condominium Sub-Association |
| Phone: (312) 541-0151 | |
| Fax: (312) 980-3888 | |
| | |
| | By:  */s/ John Guzzardo* |
| | One of his attorneys |

{10213-001 APPL A0354055.DOC 2}

**CERTIFICATE OF SERVICE**

  John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, or by other manners set forth below, on September 11, 2013.

                       */s/ John Guzzardo*

**Mailing Information for Case 11-26002**
**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ira Bodenstein    iratrustee@shawgussis.com, IL29@ecfcbis.com;sdelamora@shawgussis.com
- Ira Bodenstein    ibodenstein@shawgussis.com, sdelamora@shawgussis.com
- Barry A Chatz    bachatz@arnstein.com
- Kenneth K Ditkowsky    kenditkowsky@yahoo.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;nb@wfactorlaw.com
- Sheryl A Fyock    sfyock@llflegal.com
- Craig A Goode    cgoode@salawus.com
- Cameron M Gulden    USTPRegion11.es.ecf@usdoj.gov, cameron.m.gulden@usdoj.gov;USTPRegion11.es.ecf@usdoj.gov
- John W Guzzardo    jguzzardo@shawgussis.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Sara E Lorber    slorber@wfactorlaw.com, nb@wfactorlaw.com
- Michelle G Novick    mgnovick@arnstein.com, lcsolomon@arnstein.com
- Diane J Silverberg    dsilverberg@ksnlaw.com
- Marc S Zaslavsky    mszaslavsky@arnstein.com
- Jill L. Nicholson    jnicholson@foley.com

**Service List By First Class U.S. Mail**

John P. Jacoby
Nyham, Bambrick, Kinzie & Lowry, P.C.
20 North Clark Street, Suite 1000
Chicago, IL 60602

Michael J. Robins
33 N. Dearborn St., # 500
Chicago, IL 60602
mjr@mrobins.com

Adams Cleaning Systems Corp.
510 Dulles Rd.
Des Plaines, IL  60016-2615
Heritage Village Point Condominium Association
Board of Directors

/o Courtenay Whitehead
Phoenix Rising Management Group, Inc.
6 West Randolph Street, Suite 200
Chicago, IL 60607

Nicholas R Mitchell
Kovitz Shifrin Nesbit
750 W Lake Cook Road , Suite 350
Buffalo Grove, IL 60089

Joseph Rivkin
1596 Burning Bush Lane
Hoffman Estates, IL 60192

25th Avenue Building Corp.
R. Burke Kinnaird
P.O. Box 361
Wilmette, IL 60091-0361
b-kinnaird@hotmail.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26003 |
| FOREST RIDGE CONDOMINIUM SUB- | ) | Hon. Jacqueline P. Cox |
| ASSOCIATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Hearing Date:   October 16, 2013 |
| | ) | Hearing Time:   9:30 a.m. |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF STATUTORY COMPENSATION TO CHAPTER 11 TRUSTEE IRA BODENSTEIN

Ira Bodenstein, not individually, but solely in his capacity as chapter 11 trustee ("Trustee") for Heritage Village Pointe Condominium Association ("Heritage") and Forest Ridge Condominium Sub-Association ("Forest Ridge" and, collectively with Heritage, the "Debtors") hereby requests allowance and payment of $59,875.00 in statutory compensation, on a final basis, in the Heritage Case (defined below) and $77,847.00 in statutory compensation, on a final basis, in the Forest Ridge Case (defined below) (the "Application") pursuant to 11 U.S.C. §§ 326, 330, 331, 503(a) and (b), and 507(a)(2), and Federal Rule of Bankruptcy Procedure 2016. In further support of the Application, the Trustee respectfully states as follows:

### INTRODUCTION

1.      This matter is before the Court pursuant Local General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. The Court has core

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (M). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. On June 22, 2011 ("Petition Date"), Heritage filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned case (the "Heritage Case"). Heritage is a not-for-profit corporation established for the purpose of managing 154 buildings that contain condominium units. The condominiums are located in unincorporated Des Plaines, Illinois (the "Property"). Also on the Petition Date, the related entity, Forest Ridge, filed for bankruptcy relief. (*See* Case No. 11-26003 (Bankr. N.D. Ill.) (the "Forest Ridge Case" and, with the Heritage Case, the "Cases")). The properties that comprise Forest Ridge and Heritage overlap and, collectively, represent approximately 924 condominium units.

3. On July 19, 2011, the Bankruptcy Court approved the appointment of the Trustee (the "Appointment Date"). The Cases are subject to joint administration.

4. On July 9, 2013, this Court confirmed the Trustee's Plans of Reorganization for each of the Debtors (the "Plans"). (*See* Docket Nos. 426 (Heritage Case) and 130 (Forest Ridge Case).) The Plans provided for the full payment of administrative expenses incurred in the Cases, continued payment pursuant to previously agreed terms of Heritage's secured debt to its lender, a 50% recovery to unsecured creditors in the Heritage Case and an 80% percent recovery to unsecured creditors in the Forest Ridge Case. The Debtors are currently self-governed and self-operating through a duly-elected board of directors and a third-party professional property manager. Since the Effective Date (as defined in the Plans, July 11, 2013), the Debtors have complied and continue to comply with the Plans' provisions.

5. Since the Appointment Date, the Trustee retained a third-party professional manager to oversee the business operations of the Debtors, including the collection of current and past due assessments, maintaining common areas of the Property, and performing all other management and accounting services required by the Trustee. After the Effective Date, operational management of the Debtors was turned over to the Debtors' board of directors, and the Trustee's responsibilities were reduced to objecting to claims and performing any other tasks necessary to ensure that the provisions of the Plans were carried out during the post-confirmation period.

6. From the Appointment Date through July 31, 2013 (the "Fee Period"), the Trustee's total disbursements to creditors in these Cases is $4,822,804.40 (the "Total Disbursement Amount").[1] Of the Total Disbursement Amount, $1,719793.21 was disbursed in the Heritage Case ("Heritage Disbursement Amount") and $3,103,011.19 was disbursed in the Forest Ridge Case ("Forest Ridge Disbursement Amount"). Included in the Forest Ridge Disbursement Amount were $634,383.00 in assessments paid by Forest Ridge to Heritage, which amount has been deducted from the Forest Ridge Disbursements for purposes of the calculation of the Trustee's commission pursuant to Section 326 of the Bankruptcy Code (the "Forest Ridge Assessments"). Subtracting the Forest Ridge Assessments from the Forest Ridge Disbursement Amount leaves a total disbursement amount of $2,468,627.81 in the Forest Ridge Case (the "Discounted Forest Ridge Disbursement Amount").[2]

---

[1] For the Court's convenience, attached hereto as <u>Exhibit A</u> are the U.S. Trustee Quarterly Fee Statements filed in these Cases from the Appointment Date through July 31, 2013.

[2] Subtracting the Forest Ridge Assessments from the Forest Ridge Disbursements results in a discount of $19,031.49 to the Forest Ridge estate in statutory fees. This discount is in addition to the voluntary reduction proposed by the Trustee. (*See infra* ¶¶ 8, 16, 17.)

7. Under Section 326 of the Bankruptcy Code, the statutory compensation the Trustee is entitled to receive in the Heritage Case is $74,843.00 and in the Forest Ridge Case is $97,308.00.

8. Given the circumstances of the Cases and in the exercise of his reasonable billing judgment, the Trustee has agreed to reduce his statutory compensation by twenty percent (20%) and is, by this Application, seeking a trustee fee of $59,875.00 in the Heritage Case and $77,847.00 in the Forest Ridge Case. A complete listing of the Trustee's services rendered in each Case during the Fee Period are attached as <u>Exhibits B and C</u>.

## APPLICABLE STANDARDS FOR TRUSTEE COMPENSATION

9. Compensation for chapter 11 trustees is governed by § 326(a) of the Bankruptcy Code, which provides:

> In a case under chapter . . . 11 the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10. The general standard for approving requests for compensation is stated in § 330(a)(1), as follows:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, [or to] a professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person.

11 U.S.C. § 330(a)(1)(A).

11.     "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7); *see Handbook for Chapter 7 Trustees*, U.S. Dep't of Justice Executive Office for United States Trustees, at 4-24 (eff. Oct. 1, 2012) ("Trustee compensation is governed by section 330 and treated as a commission, subject to the limitations set forth in section 326."). Moreover, the "maximum amount" provided under section 326(a)'s formula may be awarded "in those instances of truly excellent work and efforts by a trustee." *In re Phillips*, 392 B.R. 378, 391 (Bankr. N.D. Ill. 2008). Conversely, it is well-recognized a trustee's compensation may be at risk when fees and expenses incurred on an hourly basis ultimately exceed the maximum commission allowed by statute – such as in low asset or no asset cases. *See* 11 U.S.C. § 326(a). Thus:

> [i]t is . . . entirely understandable for trustees to seek the maximum amount of compensation in the 'asset' cases in order to offset their time and efforts, which are virtually uncompensated or at least highly 'undercompensated' in the 'no asset' cases they handle.

*Phillips*, 392 B.R. at 391. To be clear, the Trustee is **not** requesting the maximum commission allowable under section 326(a) – as he is proposing a twenty percent (20%) discount of the maximum allowable commission under Section 326(a).

12.     Section 330(a) of the Bankruptcy Code further directs the Court to consider the "reasonableness" of the Trustee's Application by reference to "all relevant factors," including the specific factors identified in section 330(a)(3) of the Bankruptcy Code. Chapter 11 trustees are subject to evaluation pursuant to section 330(a)(3). 11 U.S.C. § 330(a)(3). However, section 330(a)(3)'s direction to consider the "reasonableness" of compensation does not override the formula-based approach mandated by section 326(a) and section 330(a)(7). Congress's conspicuous election to not distinguish between a chapter 11 trustee and a chapter 7 trustee with

{10213-001 APPL A0354055.DOC 2}                5

respect to the "commission" subject to evaluation pursuant to section 330(a)(7) cannot be disregarded out of hand. *See In re Hudson Transfer Grp., Inc.*, 245 B.R. 456, 460 (Bankr. S.D.N.Y. 2000) ("Where Congress expressly includes an element in one provision of a statute, and fails to include it in another, it manifests an intent to confine the element to the specified instance.")  Indeed, section 330(a) is, by its terms, "subject to" section 326(a). *See* 11 U.S.C. § 330(a).

13. The formula-based compensation fixed by section 326(a) fixes an important guidepost towards assessing the "reasonableness" of compensation requested by a chapter 11 trustee.  Moreover, the amount of compensation allowed under section 326(a) may appropriately exceed the compensation earned on a strictly hourly basis. *See In re Clemens*, 349 B.R. 725, 731 (Bankr. D. Utah 2006) ("Thus, the Court might easily conclude that although the Trustee's itemization supports a much lower award, the Trustee is entitled to a higher amount in light of its consideration of §326(a) as part of its reasonableness determination.")

### SERVICES RENDERED BY THE TRUSTEE

14. During the Fee Period, the Trustee performed 254.7 hours of actual and necessary services as Trustee on behalf of the Debtors' estates (the "Estates").  Exhibits B and C are itemized and detailed statements describing the Trustee's services in each Case.  Those services include, but are not limited to, the following:

   (a) Analyzed and resolved claims issues with various creditors and potential creditors;

   (b) Interviewed and coordinated the retention of professionals to assist in the administration of the bankruptcy case, including property managers, accountants, general bankruptcy counsel, assessment collection and forcible entry and detainer

special counsel, corporate governance special counsel and real estate tax special counsel;

(c) Oversaw administration of the bankruptcy case, including the gathering of initial information and documentation;

(d) Negotiated each professional's compensation and coordinated the drafting of fee applications and related motions, and reviewed all monthly fee statements submitted by the Trustee's professionals;

(e) Attended court hearings;

(f) Oversaw business operations of the Debtors, including conferences with the property manager professionals and building and unit owners regarding the continued operation of the Debtors and various issues involving staffing, insurance, collection of assessments, budgets, and bank accounts;

(g) Coordinated the claims process and distribution issues, including the supervision of the drafting and approval of two disclosure statements and the drafting and confirmation of two plans of reorganization, supervision of the drafting of claim forms and ballots, and a claims bar date motion – with a final result of a 50% recovery for unsecured creditors in the Heritage Case and an 80% recovery for unsecured creditors in the Forest Ridge Case;

(h) Investigated the circumstances behind and coordinated the efforts of two separate boards of directors – each claiming to have authority to act on behalf of the Debtors;

(i) Negotiated on a final basis, debtor-in-possession financing with U.S. Bank, Heritage's secured lender;

(j) Coordinated repairs and maintenance after large areas of the Property were damaged by flooding on no less than two occasions during the pendency of the Cases;

(k) Obtained an engineering survey to assess options for flood remediation;

(l) Organized and attended numerous town hall meetings to inform owners and residents of proposed changes to assessments and corporate governance structure, as well as listen to residents' concerns and suggestions with respect to those changes;

(m) Instituted a special assessment and supervised collection efforts in connection with that special assessment;

(n) Supervised and coordinated a thorough review and reconciliation of the Debtors' books and records;

(o) Managed the Debtors' bank accounts;

(p) Supervised and instituted changes in the Debtors' corporate governance structure; and

(q) Supervised the legal defense of municipal code violation actions and the prosecution of forcible entry and detainer lawsuits;

## REQUESTED COMPENSATION

15. During the Fee Period, the Heritage Disbursement Amount totaled $1,719,793.21 and the Forest Ridge Disbursement Amount totaled $3,103,011.19. For Forest Ridge, the Trustee, however, will use the Discounted Forest Ridge Disbursement Amount of $2,448,627.81 in calculating the statutory fees.

16. In the Heritage Case, the statutory compensation requested by the Trustee, based upon the Heritage Disbursement Amount and § 326(a) of the Code, is calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | = $1,250.00 |
| 10% of the next $45,000 | = $4,500.00 |
| 5% of the next $950,000.00 | = $47,500.00 |
| 3% of the Balance | = $21,593.00 |
| **MAXIMUM COMPENSATION ALLOWABLE** | = $74,843.00 |
| PREVIOUS COMPENSATION ALLOWED AND PAID | = $0.00 |
| MAXIMUM COMPENSATION CURRENTLY AVAILABLE | = $74,843.00 |
| VOLUNTARY REDUCTION | = $14,968.00 |
| **TOTAL COMPENSATION REQUESTED** | = **$59,875.00** |

17. In the Forest Ridge Case, the statutory compensation requested by the Trustee, based upon the Discounted Forest Ridge Disbursement Amount and § 326(a) of the Code, is calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | = $1,250.00 |
| 10% of the next $45,000 | = $4,500.00 |
| 5% of the next $950,000.00 | = $47,500.00 |
| 3% of the Balance | = $44,058.84 |

| | |
|---|---|
| MAXIMUM COMPENSATION ALLOWABLE | = $97,308.84 |
| PREVIOUS COMPENSATION ALLOWED AND PAID | = $0.00 |
| MAXIMUM COMPENSATION CURRENTLY AVAILABLE | = $97,308.84 |
| VOLUNTARY REDUCTION | =$19,461.84 |
| **TOTAL COMPENSATION REQUESTED** | = **$77,847.00** |

18. The Trustee believes that the compensation requested herein is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estates and their creditors. Moreover, the issues presented by these Cases have been legally and factually complex, and the amounts at stake significant. Given the criteria in 11 U.S.C. § 330, namely: (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy contexts, the Trustee respectfully submits that the requested final statutory compensation represents a fair and reasonable amount that should be allowed in full.

19. First, the Trustee's requested compensation fairly reflects the time and opportunity cost required to achieve the tremendous results obtained in these Cases. *See* 11 U.S.C. § 330(a)(3)(A). Upon his appointment, the Trustee inherited finances and management in disarray, with competing boards claiming authority to act on behalf of the homeowners and with buildings and mechanicals degraded from years of deferred maintenance. Since his appointment over two years ago, the Trustee has spent significant amounts of time transforming a dysfunctional collective of property owners with clashing agendas into a self-sufficient

association that can carry on the business of providing services that improve the health and safety of the Property residents while, at the same time, increase the value of the owner members property. During the Fee Period, the Trustee has acted as the *de facto* Chief Executive Officer and Chief Restructuring Officer of the Debtors, in addition to serving as the board of directors for each of the Debtors.

20. Second, the Trustee's request is consistent with his overall standing as a recognized leader in the restructuring field. *See* 11 U.S.C. § 330(a)(3)(E). Mr. Bodenstein has been an insolvency professional for over 25 years. He served as a United States Trustee for Region 11, which is comprised of the Northern District of Illinois and the State of Wisconsin, with primary responsibility over all bankruptcy cases filed in Region 11, from May 1998 through January 2006, when he joined the law firm of Shaw Fishman Glantz & Towbin, LLC. Mr. Bodenstein is a member of the private panel of chapter 7 trustees in the Northern District of Illinois and, notably, is currently the duly-appointed chapter 7 trustee in the *Peregrine Financial, Inc.* case. Mr. Bodenstein is experienced in all facets of chapter 11 reorganization cases. Such experience includes preparation and confirmation of plans of reorganization in debtor cases, representation of creditors' committees, opposition of debtor's plans on behalf of creditors, and representation of creditors and debtors in preference and fraudulent conveyance litigation.

21. The Trustee's requested compensation is also fair and reasonable in light of the compensation opportunities generally available to professionals of the Trustee's stature who undertake similar roles both inside and outside the chapter 11 context and the tremendous results achieved for creditors and Property owners alike in these Cases. *See* 11 U.S.C. §§ 330(a)(3)(C), (F).

22.     Based upon the foregoing, the Trustee requests statutory compensation in the amount of $59,875.00 in the Heritage Case and $77,847.00 in the Forest Ridge Case as reasonable and commensurate with the results he has achieved in these Cases.

**NOTICE**

23.     The Trustee has provided over 35 days' notice of the Application via email and U.S. mail on the attached Service List.   Accordingly, the Trustee submits that no further notice is required.

WHEREFORE, Ira Bodenstein, as chapter 11 trustee for the Heritage Village Pointe Condominium Association and the Forest Ridge Condominium Sub-Association, respectfully requests that the Court enter an Order:

A.  Allowing and awarding statutory compensation to the Trustee, on a final basis, in the amount of $59,875.00 in the Heritage Case ("Heritage Award") and $77,847.00 in the Forest Ridge Case ("Forest Ridge Award");

B.  Authorizing Heritage to pay the Heritage Award and Forest Ridge to pay the Forest Ridge Award;

C.  Approving the notice of this Application as sufficient; and

D.  Granting such other just and appropriate relief.

Dated: September 11, 2013                    Respectfully submitted,

Ira Bodenstein, not
individually but solely as
the duly appointed Chapter 11
trustee of the estates of Heritage Village
Pointe Condominium Association and Forest
Ridge Condominium Sub-Association,

By:   /s/ John Guzzardo
        One of his attorneys

{10213-001 APPL A0354055.DOC 2}                    12

Robert M. Fishman
Ira Bodenstein
John Guzzardo
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
ibodenstein@shawfishman.com
jguzzardo@shawfishman.com