## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, et al, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date:   October 16, 2013 |
| | ) | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

   **PLEASE TAKE NOTICE** that on **October 16, 2013 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, Bankruptcy Judge, in Courtroom No. 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Second and Final Fee Application of Shaw Fishman Glantz & Towbin LLC as Bankruptcy Counsel for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

   **AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated: September 11 , 2013

Respectfully submitted,
SHAW FISHMAN GLANTZ &
TOWBIN, LLC

By:    _/s/ John Guzzardo_
       One of its attorneys

Robert M. Fishman
John Guzzardo
Shaw Fishman Glantz
  & Towbin LLC
321 North Clark Street
Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888

{10213-001 APPL A0354073.DOC 2}

## <u>CERTIFICATE OF SERVICE</u>

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, or by other manners set forth below, on September 11, 2013.

*/s/ John Guzzardo*

**Mailing Information for Case 11-26002**
**Electronic Mail Notice List**

The following is the list of **<u>parties</u>** who are currently on the list to receive email notice/service for this case.

- Ira Bodenstein     iratrustee@shawgussis.com, IL29@ecfcbis.com;sdelamora@shawgussis.com
- Ira Bodenstein     ibodenstein@shawgussis.com, sdelamora@shawgussis.com
- Barry A Chatz     bachatz@arnstein.com
- Kenneth K Ditkowsky     kenditkowsky@yahoo.com
- William J Factor     wfactor@wfactorlaw.com, wfactorlaw@gmail.com;nb@wfactorlaw.com
- Sheryl A Fyock     sfyock@llflegal.com
- Craig A Goode     cgoode@salawus.com
- Cameron M Gulden     USTPRegion11.es.ecf@usdoj.gov, cameron.m.gulden@usdoj.gov;USTPRegion11.es.ecf@usdoj.gov
- John W Guzzardo     jguzzardo@shawgussis.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Sara E Lorber     slorber@wfactorlaw.com, nb@wfactorlaw.com
- Michelle G Novick     mgnovick@arnstein.com, lcsolomon@arnstein.com
- Diane J Silverberg     dsilverberg@ksnlaw.com
- Marc S. Zaslavsky     mszaslavsky@arnstein.com
- Jill L. Nicholson     jnicholson@foley.com

### <u>Service List By First Class U.S. Mail</u>

John P. Jacoby
Nyham, Bambrick, Kinzie & Lowry, P.C.
20 North Clark Street
Suite 1000
Chicago, IL 60602

Nicholas R Mitchell
Kovitz Shifrin Nesbit
750 W Lake Cook Road , Suite 350
Buffalo Grove, IL 60089

Michael J. Robins
33 N. Dearborn St., # 500
Chicago, IL 60602
mjr@mrobins.com

Joseph Rivkin
1596 Burning Bush Lane
Hoffman Estates, IL 60192

Adams Cleaning Systems Corp.
510 Dulles Rd.
Des Plaines, IL  60016-2615

25th Avenue Building Corp.
R. Burke Kinnaird
P.O. Box 361
Wilmette, IL 60091-0361
b-kinnaird@hotmail.com

Heritage Village Pointe Condominium Association Board of Directors
c/o Courtenay Whitehead
Phoenix Rising Management Group, Inc.
6 West Randolph Street, Suite 200
Chicago, IL 60607

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, et al, | ) | |
| | ) | Jointly Administrated |
| Debtors. | ) | |
| | ) | Hearing Date:   October 16, 2013 |
| | ) | Hearing Time:   9:30 a.m. |

## SECOND AND FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS BANKRUPTCY COUNSEL FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

The law firm of Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a), 9006(c)(1) and 9007, and Local Bankruptcy Rule 5082-1 for: (a) the total allowance and approval on a final basis of $142,949.35 ("Discounted Aggregate") in compensation for professional services rendered by Shaw Fishman as general bankruptcy counsel to Ira Bodenstein, not individually, but solely in his capacity as chapter 11 trustee ("Trustee") for the Heritage Village Pointe Condominium Association ("Heritage") and the Forest Ridge Condominium Sub-Association ("Forest Ridge" and, collectively with Heritage, the "Debtors") for the period beginning February 1, 2012 through and including July 11, 2013 (the "Application Period"); (b) allow and approve, on a final basis, the reimbursement of $2,555.11 for actual costs incurred incident to those services; and (c) approve, on a final basis, all previous compensation and reimbursements in these cases.  In the exercise of reasonable billing judgment, Shaw Fishman will take a lump sum reduction in the amount of $7,523.65, which represents approximately five (5%) of the total amount invoiced and billed for services during the

Application Period ($150,473.00). In support of this application (the "Application"), Shaw Fishman states as follows:

## BACKGROUND

1.　　On June 22, 2011 ("Petition Date"), Heritage filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned case (the "Heritage Case").   Heritage is a not-for-profit corporation established for the purpose of managing 154 buildings that contain condominium units.   The condominiums are located in unincorporated Des Plaines, Illinois (the "Property").   Also on the Petition Date, the related entity, Forest Ridge, filed for bankruptcy relief.   (*See* Case No. 11-26003 (Bankr. N.D. Ill.) (the "Forest Ridge Case" and, with the Heritage Case, the "Cases")).   The properties that comprise Forest Ridge and Heritage overlap and, collectively, represent approximately 924 condominium units.

2.　　On July 19, 2011, the Bankruptcy Court approved the appointment of the Trustee (the "Appointment Date").   The Cases are subject to joint administration.

3.　　This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4.　　 Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M), and/or (O).

## GENERAL STATUS OF THE CASE

5.      On July 9, 2013, this Court confirmed the Trustee's Plans of Reorganization for each of the Debtors (the "Plans").  (*See* Docket Nos. 426 (Heritage Case) and 130 (Forest Ridge Case).)

6.      Since the Appointment Date, the Trustee has retained a third-party professional manager to oversee the business operations of the Debtors, including the collection of current and past due assessments, maintaining common areas of the Property, and performing all other management and accounting services required by the Trustee.  After the Effective Date (as defined in the Plans), operational management of the Debtors was turned over to the Debtors' board of directors, and the Trustee's responsibilities were reduced to objecting to claims and performing any other tasks necessary to ensure that the provisions of the Plans were carried out during the post-confirmation period.

7.      During the Application Period, Shaw Fishman assisted the Trustee with, among other things: (a) collecting past due receivables; (b) objecting to a motion to pay administrative expenses; (c) review of corporate governance documents and assisting with the implementation and approval of new corporate governance documents; (d) preparing for and attending town hall meetings to elect the Debtors' new board of directors; (e) analyzing creditor claims and communications with creditors regarding those claims; (f) retaining special counsel for the purposes of appealing real estate tax determinations; and (g) formulating, preparing and submitting the Debtors' Plans and Disclosure Statements for confirmation.

## RETENTION OF SHAW FISHMAN

8.      Shaw Fishman's retention as counsel for the Trustee in the Cases, effective as of the Appointment Date, was approved by an order of this Court dated July 28, 2011 (Docket

No. 83).  Also on July 28, 2011, the Court entered the Order Directing Joint Administration of Cases Pursuant to Bankruptcy Rule 1015(b).

9.      On September 22, 2011, the Court entered an order that governs the procedures for interim compensation and reimbursement of expenses of professionals retained in these Cases (the "Compensation Order").

10.     Shaw Fishman's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as Exhibit A and incorporated herein by reference.   While the bulk of the services rendered and expenses incurred during the Application Period were for the equal benefit of both Debtors, where appropriate, Shaw Fishman has invoiced the Trustee for each Debtor separately.

### SERVICES RENDERED BY SHAW FISHMAN

11.     In aggregate, Shaw Fishman's attorneys and paralegals rendered 388.80 hours of services for the Trustee in connection with these Cases during the Application Period.  All of the services reflected on the attached Invoices pertain to these Cases and were rendered at the request of the Trustee in the exercise of his duties under 11 U.S.C. § 1106.  At the customary hourly rates charged by Shaw Fishman's attorneys and paralegals, the aggregate amount due Shaw Fishman for the services rendered to the Trustee during the Application Period is $150,473.00 (the "Aggregate Service Amount").[1]   After the 5% discount is applied, at the Discounted Aggregate, the average hourly rate is approximately $367.00.  The expenses for which reimbursement is requested are those customarily charged by Shaw Fishman to all of its clients.  The aggregate expense reimbursement reflected on the attached Invoices sought by this Application is $2,555.11 (the "Aggregate Expense Amount" and, collectively with the Aggregate

---

[1]     Not including the 5% discount.  (*See supra* at 1.)

Service Amount, the "Aggregate Amount").  The Aggregate Amount is further divided as follows:

A.  Shaw Fishman's attorneys and paralegals rendered approximately 337 hours of services for the Trustee in connection with both Cases during the Application Period.  At the customary hourly rates charged by Shaw Fishman's attorneys and paralegals, the amount due Shaw Fishman for the services rendered is $125,725.50.  The expenses for which reimbursement is requested during the Application Period is $2,904.25.

B.  Shaw Fishman's attorneys and paralegals rendered 32.0 hours of services for the Trustee in connection with Heritage during the Application Period.  At the customary hourly rates charged by Shaw Fishman's attorneys and paralegals, the amount due Shaw Fishman for the services rendered is $15,470.00  The expenses for which reimbursement is requested during the Application Period is $4.20.

C.  Shaw Fishman's attorneys and paralegals rendered 19.8 hours of services for the Trustee in connection with Forest Ridge during the Application Period.  At the customary hourly rates charged by Shaw Fishman's attorneys and paralegals, the amount due Shaw Fishman for the services rendered is $9,277.50.  The expenses for which reimbursement is requested during the Application Period is $2.56.

12.  In evaluating this Application, this Court should consider the value of the services rendered by Shaw Fishman for the Trustee, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in similar cases, the experience and ability of the attorneys involved and the compensation amounts awarded in similar cases.  These factors, whether viewed individually or collectively, support an award of the requested compensation in full.  All of the services for which compensation is requested were services that, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

13.  In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has

classified its services into eleven (11) separate categories of services.   Services that were performed, but that were not charged or totaled less the one (1) hour to the Debtors are not included in the detail that follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Assessment Issues | 64 | $28,138.50 |
| Business Issues (including Executory Contracts) | 26.5 | $9,995.00 |
| Case Administration | 20.8 | $7,161.50 |
| Cash Collateral/DIP Financing | 20 | $10,653.50 |
| Creditors and Claims | 35.2 | $10,744.50 |
| Disclosure Statement | 46.8 | $16,977.00 |
| Fee Applications | 25.9 | $8,472.50 |
| Governance Issues | 26.6 | $11,033.00 |
| Plan of Reorganization | 103.7 | $40,246.50 |
| Retention of Professionals | 15.6 | $5,224.00 |
| Tax Issues | 3.5 | $1,732.50 |
| **TOTAL** | **388.60** | **$150,378.00** |

14.    The following is a separate description of each of Shaw Fishman's principal categories of activities, which generally describe the tasks performed.   The Invoices provide detailed descriptions of all services rendered in each of the above categories and the timekeeper, date, and amount of time expended in each category.   Summary charts for each category setting forth each professional who rendered services, total time and value of services, and the total dollar value are also provided herein.

### A.    Assessment Issues

15.    Shaw Fishman expended 64 hours of professional services having a value of $28,138.50 pertaining to the administration and collection of building and unit owner assessments due and owing to the Debtors, including, among other things: (a) legal research into certain aspects of assessment collection, including lien perfection and the procedures for obtaining insurance proceeds setoffs; (b) correspondence with building and unit owners regarding assessment collection; (c) supervision of a thorough review and accounting of assessment arrearages; (d) coordination and correspondence with state court-appointed receivers of properties in foreclosure proceedings; (e) legal research, drafting, and argument of the Trustee's objection to a state court-appointed receiver's motion for the payment of administrative expenses; and (f) legal research, negotiation and drafting of settlement approval motions for the reassignment of certain properties from Forest Ridge to Heritage.

16.    The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Robert Fishman | 1.2 | $767.50 |
| Ira Bodenstein | 42.5 | $20,554.00 |
| John Guzzardo | 20.3 | $6,817.00 |

### B.    Business Issues

17.    Shaw Fishman expended 26.5 hours of professional services having a value of $9,995.00 pertaining to the operation of the Debtors' businesses, including, among other things: (a) formulation of the 2013 budget; (b) negotiation and execution of property management agreements; (c) negotiation and execution of garbage removal agreements; (d) legal research

regarding flood remediation repair issues and forcible entry and detainer in connection with those remediation issues; (e) drafting assessment letters and informational statements; (f) supervising management in the administration of projects such as facilities maintenance, snow removal, assessment collections, flood control, and procuring flood insurance; (g) review and analysis of the Trustee's assumption of a billboard advertising easement agreement and compliance with that agreement; and (h) assistance with utility account changes after settlement agreements with certain owner members had been finalized.

18.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 8.4 | $3,990.00 |
| John Guzzardo | 18.1 | $6,005.00 |

### C.     Case Administration

19.     Shaw Gussis expended approximately 20.8 hours of professional services having a value of $7,161.50 pertaining to the administration of the Cases, including, among other things: (a) supervision and management of legal services billing; (b) preparation for town hall meeting regarding corporate governance and exit and bankruptcy; (c) the collection and review of historical corporate governance documents; (d) legal research, document review and assistance with compliance with third party subpoenas; and (e) drafting and coordination of filing of notices of bankruptcy in state court foreclosure cases.

20.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | 1.5 | $975.00 |
| Ira Bodenstein | 4.1 | $1,947.50 |
| John Guzzardo | 12.5 | $3,731.00 |
| Melissa A. Westbrook | 2.7 | $508.00 |

### D.     Cash Collateral/DIP Financing

21.     Shaw Fishman expended 20 hours of professional services having a value of $10,653.50 pertaining to the negotiation of DIP financing and the final cash collateral order, including telephone conferences and written correspondence with lenders regarding the Debtors' DIP financing.

22.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Robert Fishman | 6.5 | $4,225.00 |
| Ira Bodenstein | 13.5 | $6,428.50 |

### E.     Creditors and Claims

23.     Shaw Fishman expended 35.2 hours of professional services having a value of $10,744.50 pertaining to: (a) communications with certain creditors and state court-appointed receivers of properties in foreclosure proceedings regarding lifting the automatic stay; and (b)

research and investigation of claims in connection with the formulation of the Debtors' plans and disclosure statements.

24.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.1 | $530.50 |
| John Guzzardo | 24.4 | $8,305.00 |
| Melissa A. Westbrook | 9.7 | $1,909.00 |

## F.     Disclosure Statement

25.     Shaw Fishman expended 46.8 hours of professional services having a value of $16,977.00 pertaining to: (a) the legal research, formulation and creation of two disclosure statements and two first amended disclosure statements; (b) discussions with the Office of the United States Trustee in connection with the two disclosure statements; and (c) court appearances in connection with the approval of the disclosure statements.

26.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 4.7 | $2,277.00 |
| John Guzzardo | 42.1 | $14,700.00 |

**H.**    **Fee Applications and Retention of Professionals**

27.    Shaw Fishman expended 25.9 hours of professional services having a value of $8.472.00 pertaining to: (a) the preparation and circulation of detailed statements of services and monthly notices of those services pursuant to the Compensation Order; (b) assistance and/or preparation of fee applications for special counsel; (c) preparation of fee applications for Shaw Fishman; and (d) the retention of special counsel to the Trustee in connection with real estate tax appeals.

28.    The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.1 | $481.00 |
| John Guzzardo | 20.3 | $6,826.00 |
| Marc S. Reiser | 3.1 | $899.00 |
| Melissa A. Westbrook | 1.4 | $266.00 |

**I.**    **Governance Issues**

29.    Shaw Fishman expended 26.6 hours of professional services having a value of $11,033.00 pertaining to the review and analysis of the Debtors' corporate governance situation, including, among other things: (a) review of corporate governance documents; (b) legal research regarding corporate governance issues and duties of management under the condominium declaration and Illinois law; (c) review and comment on proposed corporate governance documents; and (d) preparation and attendance of town hall meetings and board of directors meetings to institute a new corporate governance regime.

30. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 14.2 | $6,803.00 |
| John Guzzardo | 12.4 | $4,230.00 |

**J. Plan of Reorganization**

31. Shaw Fishman expended 103.7 hours of professional services having a value of $40,246.50 pertaining to: (a) analyzing and considering the submission of two disclosure statements and two Plans of reorganization to the Court; (b) legal research and factual investigation for the two Plans; (c) analysis of claims of both Debtors with the assistance of the property managers; (d) attending hearings; (e) drafting and editing the two Plans; (f) coordination of all notices and balloting in connection with the two Plan confirmations; and (g) the solicitation of creditors to vote in favor of the two Plans.

32. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Robert Fishman | 3.4 | $2,295.00 |
| Ira Bodenstein | 24.3 | $11,970.50 |
| Peter J. Roberts | .8 | $380.00 |
| John Guzzardo | 75.2 | $25,601.00 |

**K.** **Retention of Professionals**

33.     Shaw Fishman expended 15.6 hours of professional services having a value of $5,224.00 pertaining to the retention of professionals to assist the Trustee in carrying out his duties and obligations including: (a) the retention of special counsel to the Trustee in connection with real estate tax appeals; (b) the retention of special counsel to the Trustee in connection with corporate governance issues; and (c) retention of accountant J. Rivkin to assist with a study and assessment of the Debtors' books and records.

34.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.4 | $665.00 |
| John Guzzardo | 11.7 | $3,834.00 |
| Marc S. Reiser | 2.5 | $725.00 |

**L.** **Tax Issues**

35.     Shaw Fishman expended 3.5 hours of professional services having a value of $1,732.50 pertaining to real estate tax appeal issues, ultimately leading to the retention of special counsel to handle said appeal.

36.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.5 | $1,732.50 |

## Summary of Services Rendered By Professional

37.     In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Member | $625.00 - $675.00 | 12.6 | $8,262.50 |
| Ira Bodenstein | Member | $475.00 - $495.00 | 118.8 | $57,379.50 |
| Peter J. Roberts | Member | $475.00 | .8 | $380.00 |
| John Guzzardo | Associate | $315.00 - $350.00 | 237 | $80,049.00 |
| Marc S. Reiser | Associate | $290.00 | 5.6 | $1,624.00 |
| Melissa Westbrook | Paralegal | $185.00 - $200.00 | 13.8 | $2,683.00 |

38.     In evaluating this Application, this Court should consider the following: (a) the value of the services rendered by Shaw Fishman on behalf of the Trustee; (b) the nature and complexity of the issues presented; (c) the skill required to perform the legal services properly; (d) the customary fees charged by other professionals in this case and in similar cases; (e) the experience and ability of the professionals involved; and (f) the amount of compensation awarded in similar cases.  When viewed either individually or collectively, these factors support an award of the requested compensation in full.

39.     The hourly rates charged by Shaw Fishman with respect to its legal services compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals. Further, the amount of time spent by Shaw Fishman with respect to the Cases is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the estates.

40.     Shaw Fishman has conscientiously attempted to avoid having multiple attorneys convene on behalf of the Trustee.  In certain circumstances, however, it was necessary for more

than one Shaw Fishman attorney to confer or appear at the same time.  When possible, Shaw

Fishman would have one attorney handle multiple matters.  To the greatest extent possible,

meetings, court appearances, negotiations, and other matters were handled on an individual basis.

In the exercise of reasonable billing judgment, Shaw Fishman is taking a lump sum reduction in

the amount of $7,523.65, which represents approximately five (5%) of the total value of services

provided to the Trustee during the Application Period.

41.     The issues presented in the Cases have been legally and factually complex, and

the amounts at stake significant.  Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the

nature, extent and value of the services; (b) the time spent; (c) the rates charged for such

services; (d) the performance of the services within a reasonable amount of time commensurate

with the complexity, importance and nature of the problem, issue or task addressed; and (e) the

reasonableness of the services based on the compensation charged by comparably skilled

practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully

submits that the requested interim compensation represents a fair and reasonable amount that

should be allowed in full.

### **EXPENSES**

42.     The aggregate amount of expenses for which reimbursement is being sought is

$2,555.11.  All of the expenses for which reimbursement is requested are expenses which Shaw

Fishman customarily recoups from all of its clients.  An itemization of the expenses is attached

hereto as part of <u>Exhibit A</u>.  The types of costs for which reimbursement is sought are listed

below:

| Internal Photocopy | 10¢ per page |
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Conference Calls | actual cost |
| Local Telephone | no charge |

| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Westlaw/Lexis/Pacer) | actual or prorated percentage cost |
| Postage | actual cost |
| Overnight Delivery (e.g., Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

43.     The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Internal Photocopy | $1,348.60 |
| Photocopy Service | $733.20 |
| Commercial Messenger | $24.24 |
| On Line Legal or Factual Research (Westlaw) | $42.02 |
| PACER | $284.26 |
| Postage | $381.89 |
| Overnight Delivery (e.g., Federal Express) | $80.16 |
| Local and Long Distance Travel | $140.74 |

Some expenses set forth in Exhibit A (and itemized above) were previously reimbursed in connection with the Compensation Order and the Order Approving First Application (defined below) and are included in the above detail, but not sought in the Application. Shaw Fishman is only seeking $2,555.11 in expense reimbursement in this Application.

44.     All expenses incurred by Shaw Fishman incidental to its services were customary and necessary expenses. All expenses were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

**PAYMENTS RECEIVED BY SHAW FISHMAN TO DATE**

45.     To date, Shaw Fishman has received the following amounts in compensation for services or expense reimbursement during previous Application Periods either pursuant to the

Compensation Order or the Order Approving the First Interim Application of [Shaw Fishman], dated March 27, 2012 (Docket No. 227) ("Order Approving First Application") (collectively, the "Previously Allowed Fees and Expenses"): (a) $77,712.62 in compensation for its services to the Trustee in connection with the Heritage case; (b) $1,351.38 in expense reimbursement in connection with the Heritage case; (c) $30,344.67 in compensation for its services to the Trustee in connection with the Forest Ridge case; (d) $142.12 in expense reimbursement in connection with the Forest Ridge case; (e) $108,244.28 in compensation for its services to the Trustee in connection with the joint administration of the Cases; and (f) $163.90 in expense reimbursement in connection with the joint administration of the Cases.   To date, the total amount Shaw Fishman has received, pursuant to and as authorized by the Compensation Order and the Order Approving First Application, in compensation for services is $216,301.57.   To date, the total amount paid by the Debtors to Shaw Fishman for expense reimbursement is $1,657.40.

## COMPLIANCE WITH 11 U.S.C. § 504

46.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation payable to Shaw Fishman.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

a)     Approves and allows, on a final basis, $142,949.35 in compensation to Shaw Fishman for services to the Trustee for the Application Period;

b)     Approves and allows, on a final basis, $2,555.11 in expense reimbursement to Shaw Fishman for the Application Period;

c)     Authorizes the Debtors, as estate funds become available, to pay Shaw Fishman the allowed compensation and expense reimbursements;

d)     Approves, on a final basis, all Previously Allowed Fees and Expenses awarded by this Court;

e)      Waives other and further notice of the hearing with respect to this Application; and

f)      Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,
SHAW FISHMAN GLANTZ
& TOWBIN, LLC

Dated: September 11, 2013                    By: ___/s/ John Guzzardo_____

Robert M. Fishman
John Guzzardo
Shaw Fishman Glantz
& Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Tel: (312) 541-0151
Fax: (312) 980-3888
*Counsel for the Trustee*