**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26003 |
| FOREST RIDGE CONDOMINIUM SUB- | ) | Hon. Jacqueline P. Cox |
| ASSOCIATION, | ) | |
| | ) | Hearing Date:   October 16, 2013 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

**NOTICE OF MOTION**

TO:   (See Attached Service List)

**PLEASE TAKE NOTICE** that on **Wednesday, October 16, 2013 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, Bankruptcy Judge, in Courtroom No. 680, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **MOTION FOR ENTRY OF A FINAL DECREE,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings, at which time and place you may appear if you so see fit.

Dated: September 25, 2013              Respectfully submitted,

                                       Ira Bodenstein, not individually but solely as
                                       the duly appointed chapter 11 trustee of the
                                       estates of Heritage Village Pointe
                                       Condominium Association and Forest Ridge
                                       Condominium Sub-Association

                                       By:   _/s/ John Guzzardo_
                                             One of his attorneys

{10213-001 MOT A0354597.DOC}

Robert M. Fishman
Ira Bodenstein
John Guzzardo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
jguzzardo@shawfishman.com

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, or by other manners set forth below, on September 25, 2013.



*/s/ John Guzzardo*

**Mailing Information for Case 11-26002**
**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ira Bodenstein    iratrustee@shawgussis.com, IL29@ecfcbis.com;sdelamora@shawgussis.com
- Ira Bodenstein    ibodenstein@shawgussis.com, sdelamora@shawgussis.com
- Barry A Chatz    bachatz@arnstein.com
- Kenneth K Ditkowsky    kenditkowsky@yahoo.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;nb@wfactorlaw.com
- Sheryl A Fyock    sfyock@llflegal.com
- Craig A Goode    cgoode@salawus.com
- Cameron M Gulden    USTPRegion11.es.ecf@usdoj.gov, cameron.m.gulden@usdoj.gov;USTPRegion11.es.ecf@usdoj.gov
- John W Guzzardo    jguzzardo@shawgussis.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Sara E Lorber    slorber@wfactorlaw.com, nb@wfactorlaw.com
- Michelle G Novick    mgnovick@arnstein.com, lcsolomon@arnstein.com
- Diane J Silverberg    dsilverberg@ksnlaw.com
- Marc S. Zaslavsky    mszaslavsky@arnstein.com
- Jill L. Nicholson    jnicholson@foley.com

2

{10213-001 MOT A0354597.DOC}

## Service List By First Class U.S. Mail

American Family Insurance
6000 American Pkwy
Madison, WI  53783-0002

AppLync
1801 South Meyers Road, #500
Oakbrook Terrace, IL  60181-5202

Carlos Martinez
1912 Walnut
Waukegan, IL  60087-4947

(NICOR) Northern Illinois Gas
Attn: Bankruptcy & Collections
PO Box 549
Aurora, IL  60507-0549

Bob Red Remodeling Inc.
6156 W. Grand Ave.
Chicago, IL  60639-2769

Coinmach Corp
124 B. Messner Dr.
Wheeling, IL  60090-6434

DiMonte & Lizak, LLC
Attn:  Riccardo A. Dimonte
216 W. Higgins Road
Park Ridge, IL  60068

North Maine Utilities
1225 Waukegan Road
Glenview, IL  60025

CN Property Management Inc.
3 Golf Center #344
Hoffman Estates, IL  60169-4910

Department of Treasure
Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

American Family Insurance
6000 American Parkway
Madison, WI  53783-0002

Pete Tegas
Complete Repair Service
711 Hatlen Ave.
Mt. Prospect, IL  60056

ComEd Company
3 Lincoln Center
Attn:  Claims Department
Oak Brook, IL  60181-4204

Fox Valley Fire & Safety
2730 Pinnacle Dr.
Elgin, IL  60124-7943

Arlington Heights Heating & Cooling
1346 Ridge Road
Elk Grove Village, IL  60007-4627

Office of State Fire Marshall
PO Box 3331
Springfield, IL  62708-3331

William J. Factor
The Law Offices of William J. Factor, Ltd.
1363 Shermer Rd., Suite 224
Northbrook, IL  60062-4575

Golden Touch Cleaning LLC
4342 W. Ainslie
Chicago, Illinois  60630-2643

Capps Plumbing & Sewer Inc.
90 E. Marquart Dr.
Wheeling, IL  60090-6424

Complete Repair Services, Inc.
711 Hatlen Ave.
Mount Prospect, IL  60056-3527

Bank of America, N.A.
c/o Codlis & Assoc. P.C.
15W030 N. Frontage Road
Suite 100
Burr Ridge, IL  60527-6921

Adams Cleaning Systems Corp.
510 Dulles Rd.
Des Plaines, IL  60016-2615

John P. Jacoby
Nyham, Bambrick P.C.
20 North Clark Street, #1000
Chicago, IL 60602

Bishop Plumbing Inc.
975 Rand Road
Des Plaines, IL  60016-2360

Advanced Security Solutions
240 Howard St.
Des Plaines, IL  60018-1906

Anthony Cruz
1635 S. Central Ave.
Cicero, IL  60804-1839

Clear Channel Outdoor
4600 S. Morgan St.
Chicago, IL  60609

{10213-001 MOT A0354597.DOC}

| | | |
|---|---|---|
| Caterpillar Financial Services Corp.<br>2120 West End Ave.<br>Nashville, TN 37203-5341 | Michael J. Robins<br>33 N. Dearborn St., # 500<br>Chicago, IL 60602 | 25th Avenue Building Corp.<br>R. Burke Kinnaird<br>P.O. Box 361<br>Wilmette, IL 60091-0361 |
| Deutsche Bank National Trust Co.<br>c/o Codilis & Assoc.<br>15W030 N. Frontage Rd, #100<br>Burr Ridge, IL 60527-6921 | JP Morgan Chase Bank, Records<br>Attn:  Correspondence Mail<br>Mail Code LA4-555<br>700 Kansas Lane<br>Monroe, LA 71203-4774 | PNC Bank, Nat'l Association<br>c/o Codilis & Associates<br>15W030 N. Frontage Rd, #100<br>Burr Ridge, IL 60527-6921 |
| ARC Disposal & Recycling<br>2101 S. Busse Rd.<br>Mount Prospect, IL  60056-5566 | Alphameric Computing, Inc.<br>3940 W. Touhy Ave.<br>Lincolnwood, IL  60712-1028 | Apartment Guide<br>Consumer Source, Inc.<br>P.O. Box 402039<br>Atlanta, GA  30384-2039 |
| CAT Financial<br>2120 West End Avenue<br>Nashville, TN 37203-5251 | Chris Anderson<br>1526 Collins Circle<br>Elk Grove Village, IL  60007-2837 | Comcast<br>2001 York Road<br>Oak Brook, IL  60523-1973 |
| Dimonte & Lizak<br>216 West Higgins Road<br>Park Ridge, IL  60068-5706 | Illinois Dep. Of Employment Security<br>260 East Indian Trail Rd.<br>Aurora, IL  60505 | Illinois Dep of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL  60664-0338 |
| Iryna Bilyk<br>2460 N. Harlem<br>Chicago, IL 60707 | Michael Diaz<br>9953 Linda Lane  #GS<br>Des Plaines, IL  60016-1306 | Rick J. Erickson, Ltd.<br>716 Lee Street<br>Des Plaines, IL  60016-4561 |
| Travelers<br>CL Remittance Center<br>Hartford, CT  06183-1008 | Uline Shipping Supply<br>2200 S. Lakeside Drive<br>Waukegan, IL  60085-8361 | Nicholas R Mitchell<br>Kovitz Shifrin Nesbit<br>750 W Lake Cook Road # 350<br>Buffalo Grove, IL 60089 |
| Illinois Dept of Employment Security<br>33 South State St<br>Chicago, IL  60603-2808<br>Attn:  Bankruptcy Unit – 10th Fl. | Joseph Rivkin<br>1596 Burning Bush Lane<br>Hoffman Estates, IL 60192 | Key Equipment Finance<br>PO Box 74713<br>Cleveland, OH  44194-0796 |
| NICOR GAS<br>PO Box 0632<br>Aurora, IL  60507-0632 | Sat P. Verma<br>c/o Michael J. Greco<br>70 W. Hubbard St., Suite 302<br>Chicago, IL  60654-5676 | U.S. Bank National Assoc.<br>c/o Smith Amundsen<br>150 N. Michigan Ave.  #3300<br>Chicago, IL  60601-7621 |

4

| | | |
|---|---|---|
| Ultra Pool<br>1121 Tower Road<br>Schaumburg, IL  60173-4305 | Republic Services Arc Disposal<br>2101 S. Busse Rd.<br>Mt. Prospect, IL  60056-5566 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 |
| Manuel Galvez<br>10406 Micael Todd St.<br>Glenview, IL  60025-3730 | NTN Chicago<br>450 East 22nd Street, Suite 223<br>Lombard, IL  60148-6176 | Svetlana Panusheva<br>10013 Linda Lane #2W<br>Des Plaines, IL  60016-1335 |
| US Bank<br>PO Box 790401<br>Saint Louis, MO  63179-0401 | Heritage Village Point<br>Condominium Association<br>Board of Directors<br>c/o Courtenay Whitehead<br>Phoenix Rising Management<br>Group, Inc.<br>6 West Randolph Street, Suite 200<br>Chicago, IL 60607 | |

5

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26002 |
| HERITAGE VILLAGE POINTE | ) | Hon. Jacqueline P. Cox |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-26003 |
| FOREST RIDGE CONDOMINIUM SUB-ASSOCIATION, | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date: October 16, 2013 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

**MOTION FOR ENTRY OF A FINAL DECREE**

Pursuant to 11 U.S.C. § 350, Fed. R. Bankr. P. 3022 and Local Rule 3022-1, Ira Bodenstein, not individually, but solely in his capacity as chapter 11 trustee ("Trustee") for Heritage Village Pointe Condominium Association ("Heritage") and Forest Ridge Condominium Sub-Association ("Forest Ridge" and, collectively with Heritage, the "Debtors"), requests the entry of a final decree closing the above-captioned Case Nos. 11-26002 (Bankr. N.D. Ill.) (the "Heritage Case") and 11-26003 (Bankr. N.D. Ill.) (the "Forest Ridge Case" and, with the Heritage Case, the "Cases") and discharging the Trustee (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND BACKGROUND**

1. This Court has jurisdiction to hear this matter and enter final orders granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. On June 22, 2011 ("Petition Date"), Heritage filed a voluntary petition for relief

{10213-001 MOT A0354597.DOC}

under chapter 11 of the Bankruptcy Code, thereby commencing the Heritage Case. Heritage is a not-for-profit corporation established for the purpose of managing 154 buildings that contain condominium units. The condominiums are located in unincorporated Des Plaines, Illinois. Also on the Petition Date, the related entity, Forest Ridge, filed for bankruptcy relief and commenced the Forest Ridge Case. The properties that comprise Forest Ridge and Heritage overlap and, collectively, represent approximately 924 condominium units (the "Property").

3. On July 19, 2011, the Bankruptcy Court approved the appointment of the Trustee (the "Appointment Date"). The Cases are subject to joint administration.

4. On July 9, 2013, this Court confirmed the Trustee's Plans of Reorganization for each of the Debtors (collectively, the "Plans"). (*See* Docket Nos. 426 (the "Heritage Plan" in the Heritage Case) and 130 (the "Forest Ridge Plan" in the Forest Ridge Case).) The Plans provided for the full payment of administrative expenses incurred in the Cases, continued payment pursuant to previously agreed terms of Heritage's secured debt to its lender, a 50% recovery to unsecured creditors in the Heritage Case and an 80% percent recovery to unsecured creditors in the Forest Ridge Case.

5. The Debtors are currently self-governed and self-operating through a duly-elected board of directors and a third-party professional property manager. Since the Effective Date (July 11, 2013, as defined in the Plans), the Debtors have complied and continue to comply with the Plans' provisions.

6. Subsequent to the Appointment Date, the Trustee retained a third-party professional manager to oversee the business operations of the Debtors, including the collection of current and past due assessments, maintenance of common areas of the Property, and performance of all other management and accounting services required by the Trustee. After the

2

{10213-001 MOT A0354597.DOC}

Effective Date, operational management of the Debtors was turned over to the Debtors' board of directors, and the Trustee's responsibilities were reduced to objecting to claims and performing any other tasks necessary to ensure that the provisions of the Plans were carried out during the post-confirmation period.

7. Pursuant to the Plans, the Trustee has the authority to object to any claims asserted in the Cases. (*See* Heritage Case Plan at Art. 4.5.) On September 11, 2013, the Trustee filed claim objections in the Heritage Case to: Claim No. 8-1 of Sat P. Verma (Docket No. 450); and Claim No. 13-1 of Karen Mead (Docket No. 451) (collectively, the "Disputed Claims"). The Disputed Claims are in the total aggregate amount of $49,791.00. The outcome of the resolution of the Disputed Claims is immaterial to Heritage's ability to comply with the terms and provisions of the Heritage Plan. In the event the Disputed Claims are allowed by this Court, Heritage has the ability to pay the Disputed Claims in full.

8. The Trustee has not filed and does not anticipate filing any claim objections in the Forest Ridge Case. The Trustee does not anticipate filing additional objections to any claims, other than the Disputed Claims, in the Heritage Case. (The Claims Objection Deadline, as that term is defined in the Plans, is January 11, 2014.)

**RELIEF REQUESTED**

9. The Trustee requests the entry of a final decree closing both the Heritage Case and Forest Ridge Case. Both Debtors have begun making distributions due under the Plans.

10. The status of payments by Heritage due to each class under the Heritage Plan is as follows:

| Class | Status |
|---|---|
| Class 1 Claims | Priority Non-Tax Claims: All distributions completed. |
| Class 2 Claim | Secured Claim of U.S. National Bank Association, successor in interest to the Federal Deposit Insurance Corporation, Receiver for Park National Bank, successor by merger to Cosmopolitan Bank and Trust ("Bank"): beginning July 1, 2012 through September 1, 2013, Heritage has caused 16 payments totalling $87,868.46 to be made to the Bank. Pursuant to the Heritage Plan, the Bank is to be paid forty five (45) fixed monthly payments of interest on unpaid principal balance calculated in such a manner as set forth in the Promissory Note attached to the Final DIP Order and: (i) $5,900.00 in principal from June 1, 2013 through and including May 31, 2014; and (ii) $6,300.00 in principal from June 1, 2014 through and including March 1, 2016, which payments shall commence on the Effective Date and continue to be paid on the first day of every month thereafter until March 1, 2016. |
| Class 3 Claims | General Unsecured Claims: Heritage has caused 5 payments in the aggregate amount of $2,314.35 to be paid to Class 3 Claimants. Pursuant to the Heritage Plan, Heritage will pay an additional $37,792.01 in 17 monthly installments to Class 3 Claimants. |
| Class 4 Claims | General Unsecured Claims of $2,000 or Less: All distributions completed. |

11. The status of payments by Forest Ridge due to each class under the Forest Ridge Plan is as follows:

| Class | Status |
|---|---|
| Class 1 Claims | Priority Non-Tax Claims: All distributions completed. |
| Class 2 Claim | N/A |
| Class 3 Claims | General Unsecured Claims: Forest Ridge has caused 6 payments in the aggregate amount of $8,131.80 to be made to Class 3 Claimants. Pursuant to the Forest Ridge Plan, Forest Ridge will pay an additional $73,186.16 in 9 monthly installments to Class 3 Claimants. |
| Class 4 Claims | General Unsecured Claims of $2,000 or Less: All distributions completed. |

12. As of the filing date of the Motion, the Debtors have complied with all obligations under the Plans. As of the Effective Date, the Debtors' only remaining duties consisted of making the remaining distributions in accordance with the Plans (the "Remaining

4

{10213-001 MOT A0354597.DOC}

Distributions"). The only other remaining matters are the objections to and resolution of the Disputed Claims, currently being prosecuted by the Trustee pursuant to the Heritage Plan.

13. Based on the forgoing, and subject to this Court's retention of jurisdiction over all issues related to the Remaining Distributions and Disputed Claims, the Trustee submits that the entry of a final decree in both the Heritage Case and the Forest Ridge Case is warranted.

## APPLICABLE AUTHORITY

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

15. The term "fully administered" is not defined in the Bankruptcy Code, but it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co. et al.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

16. Furthermore, this Court has employed the following factors when determining whether a Chapter 11 case has been fully administered: (1) whether the order confirming the plan has become final; (2) whether deposits required by the Plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6)

5

whether all motions, contested matters and adversary proceedings have been finally resolved. *In re Mold Makers, Inc.,* 124 B.R. at 768.

17. In both Cases, the orders confirming the Plans have become final. The Debtors have assumed the business and management of the associations as of the Effective Date. Payments under the Plans have commenced. There are no deposits requiring distribution and no property requiring any transfers under either of the Plans. In the Forest Ridge Case, all motions, contested matters and adversary proceedings have been resolved. In the Heritage Case, there are no outstanding, unresolved motions, contested matters or adversary proceedings -- with the exception of the Disputed Claims, the outcomes of which are immaterial to Heritage's compliance with the terms and requirements of the Heritage Plan. The Trustee's law firm will continue to prosecute the Disputed Claims subsequent to the entry of a final decree and the discharge of the Trustee.

18. Even with a final decree entered, this Court may still exercise subject matter jurisdiction over the litigation of the Disputed Claims on the grounds of ancillary jurisdiction. The Supreme Court has held that federal courts may assert ancillary jurisdiction for the purpose of "enabl[ing] a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees[.]" *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 380–81 (1994) (citations omitted). Bankruptcy courts can retain post-confirmation jurisdiction if the chapter 11 plan provides for it, even after entry of a final decree in a bankruptcy case. *In re Fibermark, Inc.*, 369 B.R. 761 (Bankr. D. Vt. 2007) (where a bankruptcy court had ancillary jurisdiction, even after the chapter 11 case was closed following confirmation and substantial consummation of debtor's plan and entry of final decree, to adjudicate a dispute as to whether key employee covered by key employee severance plan previously approved by

6

court was terminated for "good reason"). In the case at hand, the Heritage Plan provides for this Court's review and adjudication of the Disputed Claims after the Effective Date. Because this Court can exercise jurisdiction over the Disputed Claims and all other factors set forth in *Mold Makers* have been met, final decrees should be entered, closing both Cases.

### NOTICE

19. As required by Fed. R. Bankr. P. 3022 and Local Rule 3022, the Trustee has served this Motion on the Office of the United States Trustee, the CMECF service list and all known creditors in both the Heritage Case and the Forest Ridge Case.

WHEREFORE, the Trustee requests that this Court enter final decrees in each Case substantially in the forms attached hereto: (i) granting the Motion; (ii) providing for the entry of Final Decrees closing the Heritage Case and the Forest Ridge Case subject to this Court's retention of jurisdiction to adjudicate and resolve the Disputed Claims and any issues relating to the Remaining Distributions; (iii) discharging Ira Bodenstein, as chapter 11 trustee of the Debtors; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: September 25, 2013

Respectfully submitted,

Ira Bodenstein, not individually but solely as the duly appointed chapter 11 trustee of the estates of Heritage Village Pointe Condominium Association and Forest Ridge Condominium Sub-Association

By:  /s/ John Guzzardo
      One of his attorneys

Robert M. Fishman
Ira Bodenstein
John Guzzardo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
jguzzardo@shawfishman.com

{10213-001 MOT A0354597.DOC}